```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
ROBERT CRAWFORD, pro se,                          :
                                                  :
                            Petitioner,           :          MEMORANDUM AND ORDER
                                                  :          ADOPTING REPORT AND
            -against-                             :          RECOMMENDATION
                                                  :          15-CV-3650 (DLI) (LB)
PAUL CHAPPIUS,                                    :
                                                  :
                            Respondent.           :
                                                  :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

Petitioner Robert Crawford ("Petitioner"), proceeding *pro se*,[1] timely brings this petition for a writ of *habeas corpus* ("Petition") pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Pet. for Writ of *Habeas Corpus* ("Pet."), Dkt. Entry No. 1. On December 13, 2010, Petitioner was convicted in New York State Supreme Court, Kings County of murder in the second degree, four counts of assault in the second degree and criminal possession of a weapon in the second degree for the death Lethania Garcia, and injury caused to bystanders during the course of the murder. In total, Petitioner was sentenced to 53 years to life in prison.

On July 20, 2017, this Court referred the Petition to the Hon. Lois Bloom, U.S. Magistrate Judge, for a Report and Recommendation ("R & R"). On March 26, 2018, the magistrate judge issued the R & R recommending that the Petition be denied. *See*, R & R, Dkt. Entry No. 10. Petitioner timely objected. *See*, Pet.'s Obj. to R & R ("Pet.'s Obj."), Dkt. Entry No. 12.

---

[1] In reviewing Petitioner's pleadings, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets the Petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006).

For the reasons set forth below, the R & R is adopted in its entirety and the Petition is denied.

## BACKGROUND[2]

Petitioner's conviction arose from the death of Lethania Garcia, who was shot and killed by two gunmen on October 27, 2008 when they chased him into a hair salon on Fulton Street in Brooklyn, NY. R & R at 1. After a jury trial, Petitioner was found guilty of murder in the second degree under N.Y. Penal Law § 125.25, four counts of assault in the second degree under N.Y. Penal Law § 120.05, and criminal possession of a weapon in the second degree under N.Y. Penal Law § 265.03. *Id.* at 6. Petitioner was acquitted of three counts of assault in the first degree under N.Y. Penal Law § 120.10. *Id.* On December 13, 2010, Petitioner was sentenced to seven years of imprisonment and three years of post release supervision on each of the four counts for assault in the second degree, fifteen years of imprisonment with five years of post release supervision for criminal possession of a weapon, and twenty-five years to life for murder in the second degree. *Id.* All sentences were imposed to run consecutively, except for the fifteen-year sentence for criminal possession of a weapon, which ran concurrently with the other sentences.

Petitioner appealed his conviction to the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"), raising the same grounds for reversal of his conviction that he raised in his petition (see below). The Appellate Division affirmed Petitioner's conviction, finding all of the grounds that Petitioner raised were not preserved for appellate review, and, even if they had been raised, were without merit. *People v. Crawford*, 112 A.D.3d 734, 734-35 (2d Dep't 2013). The New York Court of Appeals denied Petitioner leave to appeal on April 2, 2014. *People v. Crawford*, 22 N.Y.3d 1198 (2014). Petitioner never filed a petition for a writ

---

[2] Familiarity with the R & R, as well as the procedural history and relevant facts of this case, is assumed. (*See generally*, R & R.) Only those facts necessary for discussion of Petitioner's objections will be set forth herein.

2

of certiorari in the United States Supreme Court. On June 22, 2015, Petitioner timely filed this Petition under 28 U.S.C. § 2254. Pet. at 1.

Petitioner challenges his conviction on the grounds that: (1) he was denied his right to a fair trial when the trial court allowed Detective Anthony Viggiani to testify that Petitioner referred to unintended victims as "peripheral damage;" (2) the evidence pertaining to victims Amaro Barbozo and Mouloul Algoumret, two bystanders who sustained injuries due to the gunmens' pursuit of Garcia, was legally insufficient to establish the elements of "serious physical injury" to sustain Petitioner's convictions for two of the four counts of assault in the second degree; (3) the prosecution failed to link and corroborate the accomplice testimony of Paul Wint and, as a result, did not prove Petitioner's guilt beyond a reasonable doubt; (4) the verdict was against the weight of the evidence; and (5) the prosecutor engaged in misconduct during: (i) the cross-examination of Merissa Vigilance, Petitioner's alibi witness, (ii) summation, and (iii) presentation of video evidence during deliberations at a slower speed than it was presented at trial, at the jury's request. *See*, R & R at 10-11.

## DISCUSSION

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See*, Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *See also*, *Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would

reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted).  On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'"  *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)).

Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."  *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted).  After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

The Court has reviewed the record, the relevant case law, the R & R and Petitioner's objections to the R & R.  The review of the magistrate judge's thorough and well reasoned R & R reveals the magistrate judge disposed of each of Petitioner's claims appropriately, supporting her findings with abundant factual and legal support.  Not only are Petitioner's objections restatements of the arguments raised in the Petition, but Petitioner does not object to the magistrate judge's finding that Petitioner's claims are procedurally barred from *habeas* review.  As such, the R & R is reviewed for clear error and this Court finds none.

The magistrate judge correctly determined that Petitioner's claims are procedurally barred because the Appellate Division found that all of Petitioner's claims were unpreserved for appellate review.  R & R at 9-10.  Petitioner's failure to raise contemporaneous objections with respect to each claim provides independent and adequate state law grounds to support the procedural bar.

"The Second Circuit recognizes New York's contemporaneous objection rule as an independent and adequate state procedural rule barring *habeas* review." *Gonzalez v. Cunningham*, 670 F. Supp.2d 254, 261 (S.D.N.Y. 2009) (citing *Richardson v. Green*, 497 F.3d 212, 218 (2d Cir. 2007)). This rule is an independent and adequate state law ground that, if violated, serves as a procedural bar to preclude *habeas* review. *See*, *Downs v. Lape*, 657 F.3d 97, 102 (2d Cir. 2011). Thus, the magistrate judge properly found that all of Petitioner's claims are procedurally barred.

The magistrate judge additionally addressed the merits of Petitioner's claims in the alternative. *Id.* at 10. Notably, the Appellate Division had considered the same arguments and found them to be without merit. The magistrate judge considered the merits of each of Petitioner's claims in the alternative and correctly found them to be without merit. *See*, *Id.* at 10-19. This Court finds no clear error in the magistrate judge's analysis.

[Rest of Page Intentionally Left Blank]

## **CONCLUSION**

For the reasons set forth above, having found that the magistrate judge committed no clear error, the R & R is adopted in its entirety. Accordingly, the petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 is denied in its entirety. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See*, Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. N.Y. State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. U.S.*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2019

/s/
DORA L. IRIZARRY
Chief Judge